CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2007

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DON W. MCKINNEY, <br> Petitioner, | Civil Action No. 7:07-cv-00004 |
| v. | **MEMORANDUM OPINION** |
| WISE COUNTY CIRCUIT COURT, <br> Respondent. | By: Hon. James C. Turk <br> Senior United States District Judge |

Petitioner Don W. McKinney, proceeding pro se, brings this action styled as a "Notice of Violation." Because McKinney seeks his release from confinement in a mental hospital,[1] the court construed and conditionally filed the case as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

McKinney asserts that on February 9, 1994, he signed papers indicating that he did not want to plead not guilty by reason of insanity, but the Wise County Circuit Court did not comply with his wishes and allow him to proceed to a jury trial. McKinney admits, however, that on February 18, 1994, he entered a plea of not guilty by reason of insanity, and the court ultimately found him not guilty by reason of insanity. McKinney asserts that these rulings violated his rights and seeks release from the hospital.

When a defendant in Virginia is found not guilty by reason of insanity, he is committed

---

[1] Although McKinney seeks release from "the hospital," the court received McKinney's pleading in an envelope bearing the return address of the Southwestern Virginia Mental Health Institute.

1

involuntarily to the custody of the Commissioner of Mental Health, Mental Retardation and Substance Abuse Services ["the Commissioner"], pursuant to Virginia Code §19.2-182.2, et. seq. After that, he is regularly scheduled for a court review of the continuation of his confinement. §19.2-182.5. A clinical psychiatrist will evaluate the mental health of the detainee and make recommendations to the court at a hearing, after which the court issues a new commitment order or finds that commitment is no longer warranted and releases the defendant. Id.

It is clear from this brief record that McKinney is no longer confined under the order of commitment entered against him in 1994.[2] Because he is no longer in custody pursuant to the only judgment that he challenges in this petition, he is not entitled to habeas relief under § 2254 (providing remedy for person "in custody" pursuant to state court judgment upon showing that such confinement violates his rights under the constitution or laws of the United States). Therefore, the court will dismiss this petition without prejudice. An appropriate final order will be entered this day.

ENTER: This 16th day of January, 2007.

/s/ James C. Turk
Senior United States District Judge

---

[2] If McKinney wishes to challenge his current confinement, he must first challenge the validity of the current commitment order in state court. See 28 U.S.C. § 2254(b). There is no indication in the present pleading that he has ever filed a state court challenge of the current commitment order.

2